# DAVID LAIR v. DENT COUNTY MUTUAL INSURANCE COMPANY.

Springfield Court of Appeals, July 8, 1922.

**APPELLATE PRACTICE:** Judgment on Conflicting Evidence Not Disturbed on Appeal. In an action on a policy of fire insurance, where plaintiff had procured other insurance and failed to procure the written consent of defendant, as provided by law, the evidence being conflicting as to the company's knowledge of such other insurance, the finding for defendant will not be disturbed on appeal.

Appeal from the Circuit Court of Dent County.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*McGee & Bennett* for appellant.

*S. R. Miner, Clyde C. Cope* and *J. J. Cope* for respondent.

FARRINGTON, J.—Plaintiff owned a barn which was struck by lightning and burned. He held a policy of insurance issued by the defendant covering loss of barn by fire. He took out other insurance and failed to notify defendant of same.

Defendant company is organized under Article XV, Revised Statutes 1919. Section 6457, Revised Statutes 1919, provides that under this character of insurance, unless consent be given in writing to acquire double insurance the policy issued by such mutual company shall be void.

The plaintiff's evidence tended to show that while he did not have the written consent, he did notify defendant's secretary and that the secretary accepted his premium and retained it with full knowledge.

Defendant's evidence tended to show that no such notice was given or knowledge of other insurance had until after the fire, at which time it tendered back the premiums received.

Without deciding whether the written consent required under the section of the statute referred to could be waived, or whether the defendant would be estopped by such knowledge as the plaintiff says the defendant had, the court found that the company had no such notice or knowledge.

This is a case where on the question of knowledge the plaintiff says you did and the defendant says I didn't. The court found for defendant, which puts the question at rest. Let the judgment be affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.